UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| APRIL R. FLAKE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:21-cv-10677 |
| FINANCIAL RECOVERY SERVICES, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** April R. Flake ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Financial Recovery Services, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq.*, and the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901 *et. seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan, and Plaintiff resides in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant provides third party debt collection services. Defendant's principal place of business is located at 4510 West 77th Street, Suite 200, Edina, Minnesota 55435. Defendant regularly collects defaulted debts from consumers located within the State of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff had an account with Barclay Bank ("subject debt").

8. Due to financial hardship, Plaintiff was unable to sustain timely payments and thus defaulted on the subject debt.

9. Sometime thereafter, Defendant acquired the rights to collect upon the defaulted subject debt.

10. In or around January 2020, Plaintiff began receiving collection phone calls to her cellular phone number (313) XXX-1256 from Defendant attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1256. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Plaintiff answered the first call from Defendant and demanded that Defendant stop calling her and send all correspondence in writing.

13. Notwithstanding Plaintiff's request that Defendant cease placing phone calls to her cellular phone, Defendant placed or caused to be placed multiple harassing phone calls to Plaintiff's cellular phone between January 2020 and present day.

14. The phone number that Defendant most often uses to contact Plaintiff is (833) 919-0709, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

15. At no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g. Specifically, Plaintiff never received any correspondences from Defendant, as it was required to send Plaintiff within 5 days of the initial communication.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

<b><u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u></b>

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

24. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and g through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone

4

over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her and send all correspondence in writing, Defendant continued calling with the specific goal of abusing Plaintiff into making a payment on the subject debt.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

 b. **Violations of FDCPA § 1692d**

30. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

31. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome and that she preferred all correspondence be sent in writing. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from January 2020 through the present day without her consent.

 c. **Violations of FDCPA § 1692g**

32. Defendant violated § 1692g through its initial communication by failing to properly inform Plaintiff of her rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment on the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within 5 days of the initial communication.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to § 1692g.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff APRIL R. FLAKE respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

38. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

39. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

  a. **Violations of M.C.L. § 339.915(n)**

40. The MOC, pursuant to M.C.L. § 339.915(n) prohibits a collection agency from "causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

41. Defendant violated M.C.L. § 339.915(n) when it continued to call Plaintiff repeatedly after she informed Defendant that its calls were unwanted and that she preferred all communications be sent in writing.

**WHEREFORE**, Plaintiff APRIL R. FLAKE respectfully requests that this Honorable Court:
   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
   b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);
   c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);
   d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);
   e. Enjoining Defendant from further contacting Plaintiff; and
   f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 30, 2021                                    Respectfully Submitted,

                                                         /s/ Alexander J. Taylor
                                                         Alexander J. Taylor, Esq.
                                                         Sulaiman Law Group, Ltd.
                                                         2500 South Highland Avenue, Suite 200
                                                         Lombard, IL 60148
                                                         Telephone: (630) 575-8181
                                                         ataylor@sulaimanlaw.com
                                                         *Counsel for Plaintiff*